IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ALFWEAR, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **KULKOTE, LLC,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> **Case No. 2:19-cv-00027-CW-JCB** <br><br><br> **District Judge Clark Waddoups** <br> **Magistrate Judge Jared C. Bennett** |

This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Plaintiff Alfwear, Inc.'s ("Alfwear") Motion to Modify Scheduling Order and File Amended Complaint.[3] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and therefore decides the motion on the written memoranda. Having reviewed the parties' briefs and relevant law, the court grants the motion for the reasons set forth below.

## BACKGROUND

This case involves a trademark dispute between Alfwear and Defendant Kulkote, LLC ("Kulkote") over the use of the marks KÜLKŌTE and KÜL and whether they infringe on Alfwear's trademarked KÜHL mark. After engaging in discovery, Alfwear alleges they have

---

[1] ECF No. 68.
[2] ECF No. 89.
[3] ECF No. 25.

uncovered information supporting claims of trademark infringement against Darren Gilmore ("Mr. Gilmore") and Alfa Adhesives, Inc. ("Alfa Adhesives"). Alfwear seeks to add Mr. Gilmore and Alfa Adhesives as defendants in this case based on this new information.

The scheduling order in this case established September 19, 2019, as the deadline to add parties and amend pleadings. The instant motion to amend was filed on February 10, 2020, approximately five months after the scheduling order's deadline for amendments. Kulkote opposes the motion arguing that the request is untimely and would cause Kulkote to suffer undue prejudice. Kulkote also asserts that the claims against Mr. Gilmore and Alfa Adhesives are futile and subject to dismissal under Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that "good cause" exists to modify the scheduling order under Fed. R. Civ. P. 16(b). To establish good cause, the party seeking to modify the deadline must establish that the deadline in the scheduling order could not have been met with diligence. *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

If the movant satisfies Rule 16(b)'s good cause standard, it must then satisfy the standard for amendment of pleadings under Fed. R. Civ. P. 15. Under Rule 15(a), the court "should freely give leave [to amend] when justice so requires." Whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). The court may deny leave to amend only where there is a "showing of undue delay, undue prejudice to the opposing party, bad faith or

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

## ANALYSIS

For the reasons stated below, the court concludes that Alfwear: (1) has demonstrated good cause to extend the deadline to add parties and (2) should be provided with leave to amend the complaint to add Mr. Gilmore and Alfa Adhesives as defendants in this case. The court addresses each issue in turn.

### I.      Modification of the Scheduling Order to Extend the Deadline to Add Parties

Alfwear asserts that good cause exists to extend the scheduling order's deadline to add parties because Alfwear did not have knowledge of Mr. Gilmore's and Alfa Adhesives's roles until the Kulkote deposition on December 23, 2019. Discovery of necessary information to assert a claim against a party that is uncovered after the deadline to amend has expired constitutes good cause to extend that deadline. *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (stating that "information learned through discovery. . . if occurring after the deadline to amend contained in the Scheduling Order constitutes good cause to justify an extension of that deadline").

In opposition, Kulkote argues that Alfwear had been aware of Mr. Gilmore and Alfa Adhesives much earlier than December 23rd, and thus, Alfwear could have met the September 19th deadline had it acted diligently. In support, Kulkote points to various documents referencing Mr. Gilmore and Alfa Adhesives that were in Alfwear's possession as early as April 2019. Although that may be true, knowledge of existence and knowledge of facts supporting liability are two different things. Alfwear was certainly aware of Mr. Gilmore and Alfa Adhesives in

3

mid-2019, but facts surrounding Mr. Gilmore's exclusive control of Kulkote and his decision to use Alfa Adhesives did not emerge until Kulkote's deposition. Alfwear made diligent efforts to schedule the deposition much earlier in the year, but Kulkote did not make itself available for deposition until October, a month after the deadline.

Having acquired the information after the expiration of the deadline, Alfwear could not have met the deadline with diligent effort. Accordingly, the court concludes Alfwear has demonstrated good cause to extend the deadline for leave to amend.

## II.     Leave to Amend Complaint

Under the liberal standard for granting leave to amend pleadings, the court concludes that Alfwear should be allowed to amend the complaint to add Mr. Gilmore and Alfa Adhesives as defendants. Because Kulkote argues only prejudice and futility, only those two arguments are discussed below.

### A.     Undue Prejudice

Kulkote has not established that it will be unfairly prejudiced if Alfwear is permitted leave to amend. Prejudice is most often found when the amended claims arise out of a subject matter different from what was set forth in the complaint, raise significant new factual issues, and is offered shortly before or during trial. *Minter*, 451 F.3d at 1207. "An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled." *Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13-CV-658, 2014 WL 4202470, at *1 (E.D. Va. Aug. 22, 2014). Alfwear does not seek to add new claims or theories but rather seeks to add parties to the suit that Kulkote recently disclosed as possibly having some role in the alleged trademark infringement activity. These two new parties have been aware of and participating in

some degree with this action for quite some time. Under these circumstances, the court cannot say the proposed amendment would result in prejudice. *See, e.g., George v. HEK America, Inc.* 157 F.R.D. 489, 491 (D. Colo. 1994) (noting that it would be difficult for defendant to argue prejudice in naming parties which defendants themselves have pointed to as being related parties).

Although the deadline for conducting discovery has closed, no trial date has been set. In the event the parties believe that additional discovery is required in light of the amendments, they may ask to reopen discovery and to alter any other deadlines, as necessary. Any prejudice which might arise from the late addition of parties is thus capable of being cured.

### B. Futility of Amendment

A court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it fails to state a claim upon which relief may be granted. *Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir. 1992). In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Sheldon v. Vermonty,* 204 F.R.D. 679, 682 (D. Kan. 2001).

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, constitutes facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When determining plausibility, the court accepts all well-pleaded allegations in the

amended complaint as true and views those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards Training*, 265 F.3d 1144, 1149 (10th Cir. 2001). Kulkote does not challenge the adequacy of allegations that Alfa Adhesives enabled Kulkote's infringement or that Mr. Gilmore was the moving force behind the infringing activity. Therefore, the court accepts the sufficiency of the allegations as to the involvement of Mr. Gilmore and Alfa Adhesives and focuses its inquiry as to the sufficiency of the trademark infringement and dilution claims, which is the source of Kulkote's futility argument. Kulkote has not shown that the proposed amendments for trademark infringement and dilution against Mr. Gilmore and Alfa Adhesives would be futile for the reasons shown below.

### 1.  *Trademark Infringement*

Kulkote asserts Alfwear's trademark infringement claims are futile because Alfwear has not established the likelihood of confusion. The key inquiry in a direct trademark infringement case is "the likelihood of confusion between two similar marks." *Team Tires Plus, Ltd. v. Tires Plus, Inc.*, 394 F.3d 831, 833 (10th Cir. 2005). Factors that serve as guide for evaluating the likelihood of consumer confusion in a trademark infringement action are: (1) degree of similarity between marks; (2) intent of alleged infringer in adopting its mark; (3) evidence of actual confusion; (4) relation in use and manner of marketing between goods or services marketed by competing parties; (5) degree of care likely to be exercised by purchasers; and (6) strength or weakness of marks. *Id*. "No one factor is dispositive, and the final determination of likelihood of confusion must be based on consideration of all relevant factors." *Id*. (citation and quotations omitted). "Some of these factors may prove more relevant than others, depending on the facts of each case; moreover, other cases may demand consideration of factors not [specifically]

mentioned" in the guidelines. *Heartsprings, Inc. v. Heartspring, Inc.*, 143 F.3d 550, 554 (10th Cir. 1998). Because likelihood of confusion is a question of fact and should not be conclusively determined on a motion to dismiss, the court will consider only whether Alfwear has sufficiently pled allegations regarding the likelihood of consumer confusion so as to state a plausible claim for federal trademark infringement.

Kulkote claims that the court should deny Alfwear's motion to amend because "Alfwear has not alleged any facts with respect to *most* of the factors" relevant to establishing likelihood of confusion.[4] However, as noted above, the presence of most or all factors is not necessary to establish likelihood of confusion. Rather, Alfwear needs only to allege some facts, that taken as a whole, are likely to cause consumer confusion. Indeed, Kulkote's own argument concedes the existence of some factors demonstrating consumer confusion.[5] After a review of the proposed amended complaint, the court concludes that the facts alleged sufficiently evince infringing activity that weigh in favor of Alfwear including facts supporting the distinctiveness or strength of the mark—the most important among the six factors. Other factual allegations include facts establishing the degree of similarity between the two marks, geographical proximity between the companies, and manner of marketing. The court is therefore persuaded that Alfwear has pleaded sufficient facts to establish likelihood of confusion and state a plausible claim for trademark infringement. Accordingly, the trademark infringement amendments would not be futile.

---

[4] ECF No. 33 at 7 (emphasis added).
[5] *Id*.

### 2. *Dilution*

In order to prove federal trademark dilution the plaintiff must show that: (1) the mark is famous; (2) the defendant is making a commercial use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services. *Shenzhen Riitek Tech. Co. v. AERB, Inc.*, No. 818CV00645JLSJDE, 2018 WL 5264077, at *4 (C.D. Cal. July 18, 2018). Kulkote posits that Alfwear's dilution claim is futile because Alfwear failed to allege supporting facts that KÜHL is a household name or otherwise famous. However, applying the standard governing motions to dismiss and accepting all factual allegations regarding fame and distinction pleaded in the complaint as true, the court finds that Alfwear has sufficiently pled its claim for dilution. Alfwear does not need to provide evidence, at this stage, that the brand or its mark is famous. Rather, Alfwear must plead the elements of a dilution claim sufficient to set forth a claim for relief. Alfwear's dilution claim satisfies this standard. Therefore, the court determines the dilution amendments would not be futile.

## CONCLUSION

After considering the relevant factors—and given the liberal standard for allowing leave to amend pleadings—the court concludes that good cause exists to extend the amendment deadline and that Alfwear should be provided with leave to amend the complaint.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Alfwear's Motion to Modify Scheduling Order and File Amended Complaint[6] is GRANTED. Alfwear shall file the amended complaint within 7 days from the date of this order.

IT IS SO ORDERED.

DATED this 15th day of July, 2020.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[6] ECF No. 25.