IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ALFWEAR, INC.,**<br><br>   **Plaintiff,**<br><br>**v.**<br><br>**KULKOTE, LLC,**<br><br>   **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:19-cv-00027-CW-JCB**<br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Jared C. Bennett** |

   This case was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Plaintiff Alfwear, Inc. ("Alfwear") and Non-Party Kevin Boyle's ("Mr. Boyle") Motion to Quash Subpoena Duces Tecum to AT&T.[3] Under DUCivR 7-1(f), the court has concluded that oral argument is unnecessary and therefore decides the motion on the written memoranda. Having reviewed the parties' briefs and relevant law, the court grants the motion for the reasons set forth below.

## BACKGROUND

   On June 26, 2020, Defendant Kulkote, LLC ("Kulkote") served a subpoena duces tecum on AT&T to obtain the phone records of Mr. Boyle, Alfwear's founder. In the instant motion, Alfwear and Mr. Boyle move to quash the subpoena on the grounds that it is untimely, seeks

---

[1] ECF No. 68.
[2] ECF No. 89.
[3] ECF No. 57.

irrelevant information, and exceeds the proportional needs of this case. Kulkote opposes the motion.

## LEGAL STANDARD

A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil Procedure is considered discovery within the meaning of the rules. *Rice v. United States*, 164 F.R.D. 556, 556-57 (N.D. Okla. 1995). Accordingly, considerations of both relevance and proportionality govern the subpoena at issue in this case. Under Rule 45, a person subject to a subpoena may file a written objection and seek to have the subpoena modified or quashed on the grounds that it fails to allow a reasonable time for compliance, requires disclosure of privileged or other protected materials not subject to any exception, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv).

Moreover, Rule 26(b)(1) sets forth the scope of discovery and provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ.P. 26(b)(1). Under this standard, "relevance" has been broadly defined to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *United States v. Childs*, No. CR-09-146-D, 2018 WL 775018, at *3 (W.D. Okla. Feb. 7, 2018) (citations omitted).

The burden of establishing grounds for quashing the subpoena falls on the moving party, with the party seeking to quash a subpoena carrying a particularly heavy burden as opposed to one seeking only limited protection. *In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982); *S.E.C. v. Goldstone*, 301 F.R.D. 593, 646 (D.N.M. 2014). The objecting party must submit "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (internal quotation marks and citations omitted).

## ANALYSIS

The court concludes that the subpoena should be quashed because, as shown below, (I) the subpoena is untimely and (II) the materials sought are not relevant or proportional to the needs of the case. Therefore, the subpoena is quashed.

### I. Untimely

As an initial matter, the subpoena was not timely served. Fact discovery in this action closed on April 24, 2020, and Kulkote served the subpoena on AT&T on June 26, 2020. Rule 45 subpoenas sought after the discovery cut-off date are improper attempts to obtain discovery beyond the discovery period and should be quashed on this basis. *Hickey v. Myers*, No. 09-CV-01307 MAD/DEP, 2013 WL 2418252, at *5 (N.D.N.Y. June 3, 2013) ("When a party issues subpoenas after the discovery deadline has passed to obtain documents the party was aware of before the discovery cutoff date, the subpoenas and discovery requests should be denied."); *see also* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3d ed.).

Kulkote argues that its untimeliness should be excused and attributes the delay to Mr. Boyle's misidentification of Verizon, as opposed to AT&T, as his cellular provider. However, this argument is unpersuasive because Kulkote learned that AT&T, and not Verizon, was likely Mr. Boyle's cellular provider in early March, and therefore could have met the April 24th discovery deadline. Moreover, if Kulkote believed the information was important to its case, it could have attempted to show good cause to modify the scheduling order, but it did not. Accordingly, the motion to quash the subpoena is granted.[4]

## II.  Neither Relevant nor Proportional

Even if the subpoena was timely, the materials sought in the subpoena are neither relevant nor proportional to the needs of this case. The subpoena seeks all call logs, location information, and text message content for Mr. Boyle's phone from June 25, 2019 to July 1, 2019. Kulkote contends this information is relevant to discovering who left a threatening note on the car of a Kulkote employee. It is unclear to the court, and Kulkote fails to explain, how this information is relevant to the claims and defenses in this case, which deals with the adjudication of the trademark infringement. The subpoena also seeks all phone records and text messages between Mr. Doyle's phone and six other phone numbers from October 1, 2018 to the present. Kulkote asserts that these records are relevant because they <u>may</u> reveal influence or coordination of witness testimony by Mr. Boyle. This allegation is based on pure speculation. There is no foundation to show that this subpoena would unearth improper communications or be fruitful in

---

[4] The court also recognizes that Kulkote could have sought to extend the discovery deadline after it has passed based on a showing of good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). However, Kulkote has not attempted to make such a showing.

any way pertaining to the claims and defenses at issue in this litigation. Given the scant relevance of the subpoenaed information to the claims and defenses in this action, requiring a production of nearly two-years' worth of information Mr. Boyle's phone records is not proportional given the limited relevance value. In other words, the juice is not worth the squeeze. Accordingly, the relevancy and proportionality objections are sustained.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the Motion to Quash Subpoena Duces Tecum to AT&T[5] is GRANTED.

IT IS SO ORDERED.

DATED this 21st day of July 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[5] ECF No. 57.