THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALFWEAR, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KULKOTE, LLC; ALFA ADHESIVES, INC.; and DARREN GILMORE,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' [298] MOTION TO STRIKE SECOND AMENDED COMPLAINT**<br><br>Case No. 2:19-cv-00027-DBB-JCB<br><br>District Judge David Barlow |

Before the court is Defendants Kulkote, LLC ("Kulkote"), Alfa Adhesives, Inc. ("Alfa"), and Darren Gilmore's ("Mr. Gilmore") (collectively "Defendants") Motion to Strike.[1] Defendants move to strike Plaintiff Alfwear, Inc.'s ("Alfwear") Second Amended Complaint[2] and preclude Alfwear from raising a contributory infringement theory of liability. For the reasons stated below, the court grants Defendants' motion.[3]

## BACKGROUND

Alfwear filed its Complaint in January 2019, alleging federal trademark infringement, federal and state-law unfair competition, and dilution.[4] The court's April 2019 scheduling order set the deadline for amended pleadings as September 19, 2019.[5] Alfwear moved to modify the scheduling order and amend its complaint on February 10, 2020, more than four months after the

[1] Mot. to Strike Second Am. Compl. ("Mot. to Strike"), ECF No. 298, filed Nov. 16, 2023.
[2] Second Am. Compl. ("SAC"), ECF No. 292, filed Nov. 13, 2023.
[3] Having considered the briefing and relevant law, the court decides the matter without oral argument. *See* DUCivR 7-1(g).
[4] ECF No. 2.
[5] ECF No. 12.

deadline.[6] The court granted Alfwear leave to file its Amended Complaint within seven days.[7] On July 17, Alfwear filed the amended pleading that expanded the claims to include Alfa and Mr. Gilmore.[8]

On May 18, 2021, Alfwear moved for leave to file its Second Amended Complaint.[9] For the first time, Alfwear raised a contributory liability theory.[10] It argued it had good cause to seek the amendment because it learned new information about Defendants' communications with third parties.[11] The court granted Alfwear's motion[12] after hearing argument on November 17, 2021.[13] At the hearing, the court reasoned that the amendment was "just a change of theory" and that the "plaintiff d[id] not intend to conduct any additional discovery or provide additional facts that have not already been provided to the other side."[14] The court found at that time that if Defendants were "allowed discovery there is really no . . . material argument that there is prejudice in this case by allowing [the contributory infringement] theory . . . to go forward."[15]

The parties filed a stipulated attorney planning report on December 1, 2021.[16] They requested February 14, 2022, as the deadline for conducting discovery on the contributory infringement claim.[17] Alfwear represents that on February 9, 2022, Defendants' then-lead counsel informed Alfwear's counsel that "[D]efendants decided not to engage in additional

---

[6] ECF No. 25.
[7] ECF No. 61, at 8–9, filed July 15, 2020.
[8] Am. Compl., ECF No. 62 (adding as defendants Alfa and Mr. Gilmore).
[9] ECF No. 206.
[10] *See* SAC ¶¶ 93–94, 104, 110, 113.
[11] ECF No. 206, at 9.
[12] ECF No. 228.
[13] ECF No. 227.
[14] Nov. 17, 2021 Hr'g Tr. ("2021 Hr'g") 173:4–7, ECF No. 239.
[15] *Id.* at 173:13–16.
[16] ECF No. 229.
[17] *Id.* at 1.

discovery on contributory infringement"[18] "for business reasons[.]"[19] On February 16, the court informed the parties that trial would not be possible in 2022 "due to the ongoing pandemic[.]"[20] The court subsequently set trial for late 2023 at a scheduling conference on January 12, 2023.[21]

In its Pretrial Notice, Alfwear stated that it intended to pursue claims for trademark infringement and unfair competition under federal and state law.[22] The notice did not mention contributory infringement.[23] After the case was reassigned to the undersigned judge,[24] the court struck the Pretrial Notice and directed Alfwear to refile.[25] Alfwear filed its Amended Trial Notice on October 31, 2023, asserting a theory of contributory infringement.[26] On November 7, Defendants responded that Alfwear had failed to preserve the issue because the Second Amended Complaint was never filed and Alfwear's initial pretrial notice omitted mention of any secondary liability theory.[27] Six days later, Alfwear filed its Second Amended Complaint.[28] The court set a scheduling conference for November 16.[29]

Just before the conference, Defendants filed their Motion to Strike Second Amended Complaint.[30] After hearing argument, the court ordered further briefing and directed the parties

---

[18] Nov. 16, 2023 Hr'g Tr. ("2023 Hr'g") 6:15–18, ECF No. 308.
[19] *Id.* at 16:11–14.
[20] ECF No. 232.
[21] ECF No. 238.
[22] ECF No. 262, at 2.
[23] *See id.* However, Alfwear's proposed jury instructions and proposed verdict form included contributory infringement. ECF No. 264, at 4, 20–21; ECF No. 265, at 3–4.
[24] ECF No. 277.
[25] ECF No. 282.
[26] ECF No. 289, at 4.
[27] ECF No. 290, at 2.
[28] *See* SAC.
[29] ECF No. 291.
[30] *See* Mot. to Strike.

to specifically address Rules 15 and 16 of the Federal Rules of Civil Procedure.[31] On November 27, Alfwear filed its opposition.[32] Defendants replied a week later.[33]

## DISCUSSION

The operative deadline for amended pleadings was September 19, 2019.[34] While the court previously granted Alfwear leave to file its Second Amended Complaint, that approval occurred over two years ago.[35] Alfwear only now purports to file it.[36] Should the court allow the amended pleading, the court would also need to reopen discovery and set new dispositive motion deadlines.[37] As such, Alfwear must satisfy both Rule 16 and Rule 15 of the Federal Rules of Civil Procedure.[38] The court first discusses Rule 16 since it is the more demanding standard.[39]

### I. Alfwear Does Not Meet the "Good Cause" Standard under Rule 16(b)(4).

District courts have broad discretion in managing their pretrial schedules.[40] Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."[41] This "standard requires the movant to show the scheduling deadlines cannot be met

[31] 2023 Hr'g 17:3–12. The court explained that the parties are "facing another Rule 15 inquiry as to whether [Alfwear] should be allowed to amend [its] complaint now. And then Rule 16 is relevant here because . . . were [the court] to grant the filing of the second amended complaint, [the court] would be reopening a bunch of case deadlines." *Id.* at 17:17–18:2.
[32] Pl.'s Opp'n to Defs.' Mot. to Strike Second Am. Compl. ("Opp'n"), ECF No. 302.
[33] Reply in Support of Mot. to Strike Second Am. Compl. ("Reply"), ECF No. 310.
[34] ECF No. 12.
[35] ECF No. 227, docketed Nov. 17, 2021.
[36] *See* SAC.
[37] Defendants ask for discovery on the contributory infringement theory and for leave to file additional dispositive motions should the court allow the Second Amended Complaint. Mot. to Strike 8.
[38] "A party seeking leave to amend after a scheduling order deadline must satisfy both the Rule 16(b) and Rule 15(a) standards." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019).
[39] *See Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022) (citing *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009)).
[40] *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).
[41] Fed. R. Civ. P. 16(b)(4); *see Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) ("[P]arties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so.").

despite the movant's diligent efforts."[42] The movant must "provide an adequate explanation for any delay[.]"[43] Newly-discovered information or a change in the underlying law might satisfy the good-cause requirement.[44] But courts have denied leave to amend when the "plaintiff knew of the underlying conduct but simply failed to raise [the] claims[.]"[45] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[46]

Alfwear contends it has good cause to file its Second Amended Complaint four years after the scheduling deadline because it obtained new information about contributory infringement. Specifically, Alfwear explains it learned relevant facts after taking a deposition in late 2019 and receiving other evidence in 2020.[47] Alfwear further contends good cause exists because the court never set a deadline for filing the Second Amended Complaint, "the [c]ourt and the parties acted as though the contributory infringement theory was part of the case" by agreeing on a discovery timeline in December 2021, and the amendment allows the fact finder to decide all claims.[48]

Defendants respond that Alfwear has not shown good cause. They contend Alfwear instead has demonstrated a "pattern of failing to follow both the basic rules of civil procedure

---

[42] *Gale v. City & Cnty. of Denver*, 962 F.3d 1189, 1195 (10th Cir. 2020) (citation omitted); *see Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) ("Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.), *aff'd sub nom. Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 129 F.3d 116 (4th Cir. 1997))).
[43] *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) (citation omitted); *see Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision [to deny leave to amend].").
[44] *Gorsuch*, 771 F.3d at 1240.
[45] *Id.* (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006); *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987)).
[46] *Tesone*, 942 F.3d at 989.
[47] Opp'n 8 n.3 (including Mr. Gilmore's deposition, emails, and other documents).
[48] *Id.* at 9.

and th[e c]ourt's orders."[49] They highlight Alfwear's delay in deposing Mr. Gilmore and its delay in filing for leave to amend after obtaining relevant discovery.[50] Defendants point to Alfwear's disregard of the court's local rules when it failed to promptly file the Second Amended Complaint.[51] And Defendants mark the absence of a contributory infringement theory in Alfwear's first Pretrial Notice and Alfwear's reliance in its briefing on the court's 2021 order granting leave to amend.[52]

At issue is not whether Alfwear showed good cause to amend its pleading as of May 18, 2021.[53] The court previously resolved that question two years ago.[54] The dispositive inquiry is whether Alfwear gives an adequate explanation for why it waited over two years to file the Second Amended Complaint.

Alfwear does not satisfy its burden. Even accepting that it could not have met the original scheduling deadline because of newly acquired information in October 2020,[55] this does not explain the two-year delay between the court's grant of leave to amend and filing.[56] Alfwear's attempt to shift the blame to Defendants and the court is equally unavailing. The lack of a specific deadline to file an amended pleading does not give a party free rein to wait over two years to file.[57] Such a rule would lead to uncertainty and unfair surprise in the litigation process, not to mention needless and potentially expensive delays.

---

[49] Reply 6.
[50] *Id.* at 6–7.
[51] *Id.* at 7 (citing DUCivR 15-1(c)).
[52] *Id.* at 7–8.
[53] ECF No. 206 (Alfwear's initial motion for leave to file the Second Amended Complaint).
[54] ECF No. 227.
[55] *See* Opp'n 8 n.3.
[56] *See Gorsuch*, 771 F.3d at 1242 (denying motion to amend because the party "had no good cause for the lengthy delay" despite showing good cause for the initial time period).
[57] *See* DUCivR 15-1(c) ("A party who has been granted leave to file *must subsequently file* the amended pleading with the court.") (emphasis added).

As to Alfwear's contention that the court and the parties implicitly agreed that contributory infringement was a live issue because of the discovery deadline, the argument falters. An implicit "agreement" about what is at issue in the case is not a substitute for the operative pleading. It is the operative pleading, not parties' subjective beliefs, which governs what the parties will litigate at trial.[58] Two years ago, the court granted Alfwear leave to file an amended complaint, but it did not do so. In the immediate wake of the court's granting Alfwear leave to amend its complaint, the parties proposed a revised discovery deadline. But then Alfwear simply never filed an amended complaint. As such, Defendants had no reason to conduct discovery.

Last, Alfwear's explanation of an "administrative oversight" does not equal good cause.[59] "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice[;] . . . some showing of 'good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified' is normally required."[60] There does not appear to be any record evidence of diligence or other good cause here.

At bottom, Alfwear offers no plausible excuse for waiting to file its Second Amended Complaint four years after the scheduling deadline and two years after the court granted leave to

[58] *See Harmon v. Sharp*, 936 F.3d 1044, 1089 (10th Cir. 2019) (Holmes, C.J., concurring) (noting that a theory "was waived because of its omission from [the plaintiff]'s complaint" (quoting *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996))).

[59] 2023 Hr'g 7:8–16 ("MR. OWEN: I think it was just an administrative oversight, Your Honor. THE COURT: Meaning that your side intended to file a second amended complaint and then didn't do it. MR. OWEN: That's correct.").

[60] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (quoting 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 1165 (4th ed. 2023)); *see New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 429 F. Supp. 3d 984, 992 (D.N.M. 2019).

amend. For this reason, Alfwear fails to meet Rule 16's good cause standard. The court therefore need not discuss Rule 15(a)(2).[61]

## II. Alfwear's Other Arguments Do Not Persuade the Court.

Alfwear makes two separate arguments for why the court should accept the Second Amended Complaint. The court addresses each in turn.

### A. The Court Does Not Consider as Filed the Second Amended Complaint.

Alfwear first argues that the court should deem as filed the Second Amended Complaint. In particular, it asserts that the court never set a deadline for filing and that because Defendants had a chance to seek discovery the parties "understood" that contributory infringement was a live claim.[62] The court addressed this issue above, but Alfwear also cites *Tanne v. Commissioner of Internal Revenue Service*[63] to support its argument. For their part, Defendants contend Alfwear ignores the court's charge that the earlier grant of leave to amend is now stale and reject the premise that Defendants "acted as though the contributory infringement theory was part of the case."[64]

The court did not set a specific deadline for Alfwear to file the Second Amended Complaint. Even so, under local rules a party "must subsequently file the amended pleading" when the court grants the party leave.[65] The rule contains no fixed deadline. But the rule, and common sense, certainly do not contemplate a two-year post-leave delay. By the time Alfwear

---

[61] *Tesone*, 942 F.3d at 990 ("If [the movant] fail[s] to satisfy either factor—(1) good cause *or* (2) Rule 15(a)—the district court [does] not abuse its discretion in denying [her] motion for leave to amend.") (alterations in original) (emphasis added) (quoting *Gorsuch*, 771 F.3d at 1241).
[62] Opp'n 6.
[63] No. 2:15-cv-00296, 2016 WL 5900192, at *1 (D. Utah June 27, 2016), *R. & R. adopted*, 2016 WL 5173243 (D. Utah Sept. 21, 2016), *denying reconsid.*, 2017 WL 7804499 (D. Utah Mar. 24, 2017).
[64] Reply 3–4.
[65] DUCivR 15-1(c).

filed its Second Amended Complaint all case deadlines—including the deadlines for amending the pleadings, conducting discovery, filing dispositive motions, and all final pretrial deadlines – were long-since past.[66] Besides, the court directed Alfwear to focus on why amendment was proper "now"—not as of November 2021 when the court earlier granted it leave to file.[67]

Alfwear's discovery argument is likewise unpersuasive. In 2021, the court "allow[ed] the complaint *to be amended*" and "allow[ed] [Defendants] to conduct additional discovery *if they believe that it is necessary* to present their defense."[68] Even though the parties moved shortly after the hearing to propose a discovery schedule, Defendants had no reason to conduct discovery because Alfwear did not file the amended pleading for which it had sought leave. The Amended Complaint—with no allegation of contributory infringement—remained the operative pleading.

Finally, *Tanne* is inapposite. In *Tanne*, the court granted the plaintiff leave to amend his complaint.[69] Yet the plaintiff never filed the amended pleading.[70] Nonetheless, the court deemed it filed because the defendant's motion to dismiss was based on the amended complaint.[71] Alfwear relies on *Tanne* for the proposition that courts should accept an amended pleading even if the party never filed it.[72] Here, Defendants do not rely on the Second Amended Complaint in a dispositive motion or any other filing. They filed for summary judgment almost five months before Alfwear moved for leave to amend.[73] Then, Defendants objected when Alfwear's

---

[66] Scheduling Orders, ECF Nos. 44, 55, 61, 65, 76, 82, 230; Pretrial Order, ECF No. 241.
[67] 2023 Hr'g 17:14–18.
[68] 2021 Hr'g 173:1–10 (emphases added).
[69] *Tanne*, 2016 WL 5900192, at *1.
[70] *Id.* at *1 n.2.
[71] *Id.*
[72] Opp'n 6 (citing *Tanne*, 2016 WL 5900192, at *1 n.2).
[73] *Compare* ECF No. 84 (filed Dec. 28, 2020), *with* ECF No. 206 (filed May 18, 2021).

Amended Pretrial Notice belatedly raised the issue of contributory infringement.[74] And Defendants moved to strike the amended pleading just three days after Alfwear purported to file it on the docket.[75] For these reasons, the court does not deem the Second Amended Complaint as filed.

**B. Rule 15(b) Does Not Provide a Basis for Alfwear to File Its Amended Pleading.**

Alfwear next argues that the court should permit the amendment under Federal Rule of Civil Procedure 15(b) because it "submitted evidence at summary judgment supporting a contributory infringement theory" and no prejudice would result from the amendment.[76] Defendants respond that Rule 15(b) is inapplicable because Alfwear's only filing concerning summary judgment was Alfwear's opposition to Defendants' motion for summary judgment on the direct infringement claims.[77]

Under Rule 15(b)(1), "the court may permit the pleadings to be amended" if "at trial, a party objects that evidence is not within the issues raised in the pleadings[.]"[78] The court "should liberally grant amendment *unless* the opposing party makes a sufficient showing of prejudice."[79] "Rule 15(b) is 'intended to promote the objective of deciding cases on their merits rather than in terms of the relative pleading skills of counsel.'"[80] The Tenth Circuit has recognized that such a "constructive amendment" under the rule may occur at the summary judgment stage.[81]

---

[74] *See* ECF No. 290.
[75] *See* ECF No. 298.
[76] Reply 7–8.
[77] *Id.* at 4–5.
[78] Fed. R. Civ. P. 15(b).
[79] *New Mexico v. Dep't of Interior*, 854 F.3d 1207, 1232 (10th Cir. 2017).
[80] *Green Country Food Mkt., Inc. v. Bottling Grp., LLC*, 371 F.3d 1275, 1280 (10th Cir. 2004) (quoting 6A Wright, Miller & Kane, *Federal Practice and Procedure*, § 1491 (2d ed. 1990)).
[81] *New Mexico*, 854 F.3d at 1232; *see Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 777 n.18 (10th Cir. 2021) (discussing Rule 15(b)(1) for amending counterclaims); *Ahmad v. Furlong*, 435 F.3d 1196, 1203 (10th

With that said, Alfwear cannot rely on any failure by Defendants to show prejudice. "[W]here, as here, a party objects to the amendment, the party wishing to amend the pleadings *must* file a motion to amend the complaint."[82] The court "may not sua sponte invoke" the rule.[83] "[W]hen proper objections have been made but no Rule 15(b) motion has been filed, the lack of prejudice to a party does not provide a basis for an amendment."[84]

Alfwear's request that the court invoke Rule 15(b) is procedurally infirm. "A party may not make a motion . . . or a cross-motion in a response or reply. Any motion must be separately filed."[85] Alfwear does not make a separate motion for leave to amend under Rule 15(b). Their May 2021 motion for leave to amend,[86] while raising Rule 15(b), does not qualify. Not only did Alfwear file the motion over two years ago, but it did not file it in response to Defendants' instant objection. Accordingly, the alleged lack of prejudice to Defendants is not a proper basis for allowing the Second Amended Complaint under Rule 15(b)(1).

In any event, Alfwear's "attempted invocation of Rule 15(b) [does] not circumvent the requirements of Rule 15(a) and Rule 16(b)" under the Federal Rules of Civil Procedure.[87] As

---

Cir. 2006) ("We have applied Rule 15(b) to a defense raised in a motion for summary judgment on the eve of trial.").

[82] *Northstar Mgmt., Inc. v. Vorel*, No. CIV-19-260, 2022 WL 18110173, at *3 (W.D. Okla. Nov. 7, 2022) (emphasis added) (citing *Green Country*, 371 F.3d at 1281). Defendants object to Alfwear's proposed amendment with their motion to strike. *See generally* Mot. to Strike.

[83] *Moncrief v. Williston Basin Interstate Pipeline Co.*, 174 F.3d 1150, 1163 n.7 (10th Cir. 1999).

[84] *Green Country*, 371 F.3d at 1281 (citing *In re Santa Fe Downs, Inc.*, 611 F.2d 815, 817 (10th Cir. 1980)).

[85] DUCivR 7-1(a)(3).

[86] ECF No. 206.

[87] *Northstar Mgmt.*, 2022 WL 18110173, at *3; *see Williams v. Sears Holding Co.*, No. CV 06-PWG-455, 2007 WL 9717339, at *2 (N.D. Ala. June 15, 2007) ("The Rule 16 hurdle to an amendment must be surmounted antecedent to any Rule 15 prejudice analysis." (citing *Sosa v. Air Print Systems*, 133 F.3d 1417, 1419 (11th Cir. 1998))); *Overhead Sols., Inc. v. A1 Garage Door Serv., L.L.C.*, No. 1:19-cv-01741, 2021 WL 12092781, at *2 n.2 (D. Colo. Aug. 24, 2021) ("Defendant was on notice that motions to amend the scheduling order require compliance with not only Rule 15(b), but also Rule 16(b)."); *Corona v. City of Clovis*, No. CV 17-805, 2019 WL 1051018, at *2 (D.N.M. Mar. 5, 2019) ("Federal Rule 15(b) works in tandem with Federal Rule 16(b), requiring an additional showing of 'good cause' to modify the court's scheduling order.").

explained earlier, Alfwear fails to show good cause. Its attempt to recycle Rule 15(b) arguments from more than two years ago does not overcome Alfwear's failure here to show good cause for the intervening two years.[88] In short, two years ago Alfwear was granted to leave to file an amended pleading to include an additional theory of liability. It did not act on that leave. Instead, it waited until all key case deadlines had passed to act. That was simply too late, and good cause has not been shown.

**ORDER**

For the foregoing reasons, the court GRANTS Defendants' Motion to Strike Second Amended Complaint.[89] The Second Amended Complaint[90] is hereby STRICKEN from the docket, and Plaintiff may not raise a contributory infringement theory of liability at trial. The court DENIES AS MOOT Alfwear's Motion to File Under Seal Plaintiff's Second Amended Complaint.[91]

Signed December 21, 2023.

BY THE COURT

David Barlow
United States District Judge

[88] *See* ECF No. 206, at 6–8 (arguing for Rule 15(b) amendment to conform the pleadings to evidence during briefing on Defendants' motion for summary judgment).
[89] ECF No. 298.
[90] ECF Nos. 292, 294.
[91] ECF No. 293.