UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALFWEAR, INC, <br><br>                 Plaintiff, <br><br> v. <br><br> KULKOTE, LLC; ALFA ADHESIVES, INC.; and DARREN GILMORE, <br><br>                 Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [ECF NO. 400] PLAINTIFF'S MOTION FOR ATTORNEY FEES** <br><br> Case No. 2:19-cv-00027-DBB <br><br> District Judge David Barlow |

Before the court is Plaintiff Alfwear, Inc.'s ("Alfwear") Motion for Attorney Fees.[1] For the reasons stated below, the motion is denied.

## BACKGROUND[2]

This trademark dispute went to trial, where a jury entered a verdict against KulKote LLC, Alfa Adhesives, and Darren Gilmore (collectively, "Defendants") for willful trademark infringement and unfair competition.[3] The jury, however, awarded no damages.[4]

After judgment was entered, Alfwear filed its Motion for Attorney Fees in which it seeks an attorney fee award of $1,452,109.05.[5]

---

[1] Pl.'s Mot. for Atty. Fees ("Mot.") 2, ECF No. 400, filed Feb. 3, 2026.
[2] The factual and procedural background of this case is set forth in more detail in the Mem. Decision and Order Den. Defs.' Renewed Mot. for J. as a Matter of Law ("Order"), ECF No. 428, filed May 8, 2026.
[3] *See* Jury Verdict, ECF No. 384, filed Jan. 16, 2026.
[4] *See id.*
[5] Mot. 2.

**STANDARD**

The Lanham Act governs attorney fees in trademark infringement cases. "The Lanham Act allows a district court to award attorney fees to a prevailing party only in 'exceptional cases.'"[6] The Tenth Circuit defines an exceptional case as one "that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."[7] The prevailing party bears the burden of showing exceptionality by "a preponderance of the evidence."[8]

**DISCUSSION**

Alfwear claims it is entitled to attorney fees because it is the prevailing party and the willfulness finding in the verdict makes this an exceptional case.[9] Defendants argue that Alfwear is not entitled to attorney fees because it cannot establish exceptionality.[10]

"There is 'no precise rule or formula for making' exceptional-case determinations."[11] Generally, courts "look to both the objective strength of a plaintiff's Lanham Act claim and the plaintiff's subjective motivations."[12] The Tenth Circuit's "case law recognizes that trial courts are particularly well-equipped to make this determination."[13] Likewise, the Supreme Court has reasoned that "the district court is better positioned to decide whether a case is exceptional

---

[6] *Alfwear, Inc. v. Mast-Jaegermeister US, Inc.*, No. 22-4020, 2023 WL 8232072, at *2 (10th Cir. 2023); 15 U.S.C. § 1117(a).

[7] *Derma Pen, LLC v. 4EverYoung Ltd.*, 999 F.3d 1240, 1245 (10th Cir. 2021) (internal quotation marks omitted) (holding that *Octane Fitness* test used in analogous attorney fee provision in the Patent Act applies in Lanham Act cases).

[8] *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557 (2014).

[9] Mot. 2.

[10] Defs.' Opp'n to Pl.'s Mot. for Atty Fees ("Opp'n") 2, ECF No. 410, filed Feb. 17, 2026.

[11] *Mast-Jaegermeister*, 2023 WL 8232072, at *2 (quoting *Octane Fitness*, 572 U.S. at 554).

[12] *King. v. PA Consulting Grp., Inc.*, 485 F.3d 577, 592 (10th Cir. 2007).

[13] *Derma Pen*, 999 F.3d at 1244.

because it lives with the case over a prolonged period of time."[14] Accordingly, "[d]istrict courts have broad discretion to decide whether a case is exceptional under the totality of the circumstances."[15] Some "non-exclusive factors that may support a finding of exceptionality include frivolousness, motivation, objective unreasonableness of the facts or legal theories, and the need to compensate the prevailing party or deter the losing party."[16]

Under these factors, Alfwear has not established that this is an exceptional case. First, Defendants' positions were not objectively unreasonable or frivolous. Alfwear faults Defendants for their claims that the parties' marks are similar, that Defendants do not direct advertising to end consumers, and that they only sell a chemical product to manufacturers. However, each of these arguments was reasonable and supported by some evidence.[17] Indeed, a reasonable jury could have decided this case in favor of either side. Therefore, Defendants' positions were not "groundless" or "unreasonable."[18]

Second, an award of attorney fees is not necessary for compensation and deterrence. Alfwear argues that it is entitled to attorney fees for compensation since the jury did not award damages.[19] This argument overlooks the evidence Alfwear itself presented at trial that it had not suffered actual damages from Defendants' infringement.[20] In other words, a "failure to present

---

[14] *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014) (evaluating the Patent Act's analogous fee provision).
[15] *Mast-Jaegermeister*, 2023 WL 8232072, at *2 (quoting *Derma Pen*, 999 F.3d at 1246).
[16] *Id.* (quoting *Octane Fitness*, 572 U.S. at 554 n.6).
[17] *See* Order 7–33 for analysis of the evidence at trial.
[18] *Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1147 (10th Cir. 2000) (stating that these terms "reflect the objective merits of the case").
[19] Mot. 8.
[20] Trial Tr. 266:22–25, 778:4–25.

evidence that [plaintiff] suffered actual damage as a result of defendants' conduct weighs against it in the context of seeking attorney's fees."[21] Therefore, attorney fees are not supported here.

Likewise, an attorney fee award as deterrence is unnecessary here. The court has already addressed deterrence when it ordered equitable relief to Alfwear through a permanent injunction to prevent Defendants from engaging in infringing activity.[22] This "strong medicine of the injunction" suffices to deter further infringement.[23] Furthermore, Alfwear's argument that attorney fees would "deter other, future infringers" is not relevant in the Tenth Circuit that considers, instead, whether a fee would "deter the losing party."[24] Therefore, this factor disfavors an award.

Third, a willfulness finding does not require the court to award attorney fees under the Lanham Act. Alfwear argues that the jury's finding of willful infringement justifies a fee award.[25] Not necessarily so. The Lanham Act's attorney-fee provision states that "[t]he court in exceptional cases *may* award reasonable attorney fees to the prevailing party."[26] "District courts have broad discretion to decide whether a case is exceptional under the totality of the circumstances."[27] Thus, "even in exceptional cases, the award of attorney fees is vested in the discretion of the district court."[28]

---

[21] *Gen. Steel Domestic Sales, LLC v. Chumley*, No. 10-cv-01398, 2014 WL 793090, at *2 (D. Colo. Feb. 27, 2014), *aff'd*, 627 Fed. App'x 682 (10th Cir. 2015) (citing *V.I.P. Foods, Inc. v. Vulcan Pet, Inc.*, 675 F.2d 1106, 1107 (10th Cir. 1982)).

[22] *See* Order Granting in Part Permanent Injunction, filed May 18, 2026.

[23] *Shaw v. Smith*, 166 F.4th 61, 81 (10th Cir. 2026).

[24] *Mast-Jaegermeister*, 2023 WL 8232072, at *2 (quoting *Octane Fitness*, 572 U.S. at 554 n.6).

[25] Mot. 9.

[26] *Nat'l Ass'n of Prof'l Baseball Leagues, Inc.*, 223 F.3d at 1146 (emphasis added).

[27] *Mast-Jaegermeister*, 2023 WL 8232072, at *2 (quoting *Derma Pen*, 999 F.3d at 1246).

[28] *Id.*

Here, the totality of the circumstances demonstrates that neither the parties' overall conduct, litigation tactics, nor trial arguments qualify this case as exceptional.[29] Rather, this case resembles a run-of-the-mill civil action that went to trial where there was no "litigation-related misconduct" to support exceptionality. This is also not a case "that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated."[30]

In sum, Alfwear has not met its burden to prove that this case is exceptional. Therefore, it is not entitled to an award of attorney fees under the Lanham Act.

**ORDER**

Accordingly, Plaintiff's Motion for Attorney Fees is DENIED.[31]

Signed May 18, 2026.

BY THE COURT

_____

David Barlow
United States District Judge

---

[29] *See Derma Pen*, 999 F.3d at 1246.
[30] *Id.* at 1245 (internal quotation marks omitted).
[31] ECF No. 400.